# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|                                    |                          |
| ---------------------------------- | ------------------------ |
| UNITED STATES OF AMERICA,          |                          |
| Plaintiff,                         | Case No. 24-CR-223-JPS   |
| v.                                 |                          |
| BRANDON P. PATTERSON,              | **ORDER**                |
| Defendant.                         |                          |

On November 21, 2024, the Court received a "Notice of Removal Under 28 U.S.C. § 1441" from Brandon Patterson ("Patterson"), asking the Court to remove a state criminal case (Columbia County Case No. 2021CF000647, hereinafter the "State Case") from Columbia County Circuit Court to federal court. ECF No. 1.[1]

Section 1455 of Title 28 of the United States Code outlines the process that a defendant in a state court criminal case must follow for a federal court to consider whether to remove the case. In relevant part, it states:

---

[1] *See also State v. Patterson*, No. 2021CF000647 (Columbia Cnty. Circuit Ct. Nov. 3, 2021), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF000647&countyNo=11&index=0&mode=details (last visited Nov. 26, 2024). Patterson's filing also references a 2024 criminal case and a 2023 civil case, both of which were also filed in Columbia County. ECF No. 1 at 1 (citing *State v. Patterson*, No. 2024CF000192 (Columbia Cnty. Circuit Ct. March 26, 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024CF000192&countyNo=11&index=0&mode=details (last visited Nov. 26, 2024) and *Ward v. Patterson*, No. 2023CV000144 (Columbia Cnty. Circuit Ct. May 24, 2023), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CV000144&countyNo=11&mode=details (last visited Nov. 26, 2024)). However, he only explicitly "demands removal" of the State Case that originated in 2021. *Id.*

> (a) Notice of Removal.–A defendant . . . desiring to remove any criminal prosecution from a State court shall file *in the district court of the United States for the district and division within which such prosecution is pending* a notice of removal . . .

Patterson has not filed his removal notice in the district and division within with the State Case is pending—Columbia County is in the Western District of Wisconsin. *See Jurisdiction*, U.S. DIST. CT. FOR THE W. DIST. OF WIS., https://www.wiwd.uscourts.gov/jurisdiction (last visited Nov. 26, 2024). The Court does not discern anywhere in Patterson's filings or its review of the State Case docket any connection between the State Case and the Eastern District of Wisconsin.

Venue is not proper in this district. *See* 28 U.S.C. § 1455 (providing that notices of removal of criminal cases shall be filed in the district court "within which such prosecution is pending"); *id.* at § 1391(b) (noting that venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). In a case such as this, 28 U.S.C. § 1406(a) provides that the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Transfers in the interests of justice are generally favored over dismissals of actions." *Tolbert v. Nationstar L.L.C.*, No. 24-cv-9-DWD, 2024 U.S. Dist. LEXIS 170623, at *3 (S.D. Ill. Sep. 20, 2024) (citing *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004)). Dismissal for improper venue might be appropriate "as a severe penalty where plaintiff's filing of the action 'smacks of harassment or evidences some other element of bad faith,'" or in other circumstances where permitting the action to proceed would be futile, such as when it is barred by the doctrine of res judicata. *Id.* at *3-4 (quoting *Nanz Trustee, Inc. v. Amer. Nat'l Bank & Trust Co.*, 423 F. Supp. 930, 932 (E.D. Wis. 1977) and citing *Bowes-N. v. Choices*

*Hotel Int'l*, No. 2:21-CV-331-TLS-JEM, 2022 U.S. Dist. LEXIS 30560, 2022 WL 524342, at *2 (N.D. Ind. Feb. 22, 2022)).

After its brief review of Patterson's submissions, the Court cannot conclude that this action is plainly brought for purposes of harassment or bad faith or plainly futile. At least one other district court has seen fit to transfer a similar action rather that dismiss it. *See*, *e.g.*, *Ardaneh v. United States Gov't*, No. 1:20-CV-3450 (CM), 2020 U.S. Dist. LEXIS 82427 (S.D.N.Y. May 8, 2020) (transferring attempted removal to District of Massachusetts because criminal defendant's prosecution was pending in that state). For these reasons, the Court finds that the interests of justice favor transferring this action to the Western District of Wisconsin.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **TRANSFERRED** to the U.S. District Court for the Western District of Wisconsin for further disposition. The Clerk of the Court is directed to take all appropriate steps to effectuate the transfer of this case to the Western District of Wisconsin.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge